JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Victoria Tenisha Dillihunt,<br><br>PLAINTIFF(S)<br>v.<br>United States of America, et al.,<br><br>DEFENDANT(S) | CASE NUMBER<br>2:24-cv-00751-FMO-MAR<br><br>ORDER ON REQUEST TO PROCEED<br>*IN FORMA PAUPERIS*<br>(NON-PRISONER CASE) |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☒ is not able to pay the filing fees.  ☐ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:
☐ The Request is GRANTED.
☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.
☐ The Request is DENIED because the filer has the ability to pay.
☒ As explained in the attached statement, the Request is DENIED because:
  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☐ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:
☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

| | |
|---|---|
| February 1, 2024 | /s/ Fernando M. Olguin |
| Date | United States District Judge |

On January 26, 2024, Plaintiff filed a Civil Rights Complaint and a Request to Proceed In Forma Pauperis. (ECF Nos. 1, 3.)  Plaintiff alleges that Defendants, hundred of entities and individuals, violated her civil rights by engaging in "charades of witchcraft"; using the sacrifice of Jesus to try to cleanse their skin; violating rights founded upon the word of God; prostituting her spiritually and systemically; and causing her to work to meet her needs, which is slavery and violation of her birthright.  (ECF No. 1-1 at 166-69.)  The statements in the Complaint are based almost entirely on religion and world history.  (ECF No. 1.)

"Over the years [the Supreme] Court has repeatedly held that the federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit, wholly insubstantial, obviously frivolous, plainly unsubstantial, or no longer open to discussion."  Hagans v. Levine, 415 U.S. 528, 536 (1974) (internal citations and quotation marks omitted).  "'[C]onstitutional insubstantiality' for this purpose has been equated with such concepts as 'essentially fictitious,' 'wholly insubstantial,' 'obviously frivolous,' and 'obviously without merit.'"  Shapiro v. McManus, 577 U.S. 39, 45-46 (2015) (quoting Goosby v. Osser, 409 U.S. 512, 518 (1973)).

Here, the Complaint is wholly insubstantial and obviously frivolous.  Allegations of a similarly fanciful nature have been held not to raise a substantial federal question, thereby warranting dismissal for lack of jurisdiction.  See Atakapa Indian de Creole Nation v. Louisiana, 943 F.3d 1004, 1007 (5th Cir. 2019) (holding that a district court lacked jurisdiction to consider a suit that was brought under "the 1795 Spanish Treaty with the Catholic Majesty of Spain and the 1800 French Treaty with the former Christian Majesty of France," named several world leaders as defendants, and alleged a monopoly of "intergalactic foreign trade"); Tooley v. Napolitano, 586 F.3d 1006, 1009-10 (D.C. Cir. 2009) (holding that a district court lacked jurisdiction to consider a plaintiff's allegations of "a massive surveillance operation against him" after his conversation with an airline representative, which were similar to allegations about "little green men," and collecting similar cases of "patent insubstantiality"); Grady v. United States Government, 702 F. App'x 929, 930 (11th Cir. 2017) ("[The] allegations—that the government employed surveillance specialists to harass him while he was in the library and at theaters; performed sting operations at local bars; used electromagnetic surveillance, cameras, and rooftop devices to monitor him; and had a nurse act as a covert operative to implant a microchip in his ear—are so attenuated and unsubstantial as to be devoid of merit. . . . They were properly dismissed [for lack of jurisdiction]."  Thus, the Complaint is dismissed for absence of a substantial federal question.  Hagans, 415 U.S. at 536.

Finally, leave to amend is not warranted, given the insubstantial and frivolous nature of the claims.  See Smith v. State of Cal., 336 F.2d 530, 534 (9th Cir. 1964) (amendment would be futile where the litigant "does not suggest to us any respect in which the complaint could be amended to state a substantial federal question," and we are "unable to imagine any"); Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (holding that the "requirement that a plaintiff be given an opportunity to amend does not apply to sua sponte dismissals for lack of jurisdiction pursuant to Hagans").  Because amendment would be futile, the Complaint is dismissed without leave to amend, and the action is dismissed without prejudice for lack of jurisdiction.